RUTH OPDYKE, PLAINTIFF-APPELLANT, v. ROBERT HALBACH, DEFENDANT-RESPONDENT.

Submitted May 2, 1939—Decided August 14, 1939.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the plaintiff-appellant, *W. Durward McCloskey* (*DeVoe Tomlinson,* of counsel).

For the defendant-respondent, *Green & Green* (*David Green,* of counsel).

Brogan, Chief Justice. This is plaintiff's appeal from a judgment in favor of the defendant in the Ocean County Court of Common Pleas. The suit was for personal injury and property damage alleged to have been suffered by the plaintiff in an automobile accident.

The single point urged as error is the admission in evidence of a certain hospital record produced at the trial by an employe of the Paul Kimball Hospital. The accident in question happened on June 3d, 1938. The plaintiff entered the hospital on June 27th, to have a fibroid tumor removed and the operation was performed on June 27th. Shortly after the operation was performed, the witness, Elizabeth Conahan, an employe of said hospital, who holds the post of recording librarian and whose duty it is to take the history of all patients and to file and classify such histories, wrote out a detailed statement of the patient's history, receiving the information, as she said, from the patient. The state-

ment or history was received in evidence over the plaintiff's objection. Miss Conahan then testified to the contents of the statement in detail. It is argued that the admission of this exhibit was reversible error. We do not think it was. It was a book or record, as we understand it, that was kept in the normal and usual course of busineess and as such was admissible. *Diament* v. *Colloty,* 66 *N. J. L.* 295. Even if it were not such record book it was not so harmful as to call for a reversal of the judgment.

Every item of information that was in the record in question was subsequently told in the testimony of the witness and this was competent legal testimony. Appellant concedes that the record might be used by the witness to revive her recollection. Appellant's counsel relies upon and argues that the legal issue here is controlled by our decision in *Springer* v. *Labow,* 108 *N. J. L.* 68. In that case a memorandum made by an investigator was admitted in evidence as corroboration of what the investigator had said in his testimony; but there, obviously, the memorandum should not have been admitted as further proof of what the investigator concluded the plaintiffs had said. The case before us is very different. Here the hospital statement contained a detailed history of the patient (plaintiff) from childhood as well as her family history and was, as stated above, taken in the ordinary and natural course of business without any idea of having it used as a declaration serviceable either to the plaintiff or the defendant in this case. As a matter of fact, most of the information in the said statement was absolutely irrelevant to the issue before the trial court. In any event, its admission was not harmful to the plaintiff.

We note that there was also a claim for property damage to the plaintiff's automobile. The jury having returned a verdict of no cause of action, it is clear, so far as the fact issue in the case is concerned, that the defendant's negligence was not proved to the jury's satisfaction or that the alleged contributory negligence of the plaintiff was.

The judgment will be affirmed, with costs.