NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4521-15T4

BAYVIEW LOAN SERVICING, LLC,

 Plaintiff-Respondent.

v.

DOMINICK ROMANO his heirs,
devisees, and personal
representatives and his/her,
their, or any of their
successors in right, title
and interest, and SARAJEAN ROMANO,
her heirs, devisees, and
personal representatives and
his/her, their, or any of their
successors in right, title and
interest,

 Defendants-Appellants,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR WORLDWIDE FINANCIAL
RESOURCES, INC., GMAC.

 Defendants.
_____________________________

 Argued September 19, 2017 – Decided October 16, 2017

 Before Judges Hoffman and Gilson.
 On appeal from Superior Court of New Jersey,
 Chancery Division, Ocean County, Docket No.
 F-017911-13.

 Joshua W. Denbeaux argued the cause for
 appellants (Denbeaux & Denbeaux, attorneys;
 Nicholas A. Stratton, on the brief).

 Michael B. McNeil argued the cause for
 respondent (Powers Kirn, LLC, attorneys; Mr.
 McNeil, of counsel and on the brief).

PER CURIAM

 In this mortgage foreclosure action, defendants Dominick and

Sara Jean Romano appeal from a June 18, 2014 order granting summary

judgment to plaintiff Bayview Loan Servicing, LLC (Bayview), and

a May 11, 2016 final judgment. We affirm both the order and

judgment.

 I.

 On November 24, 2004, defendant Dominick Romano borrowed

$380,000 from SGB Corporation d/b/a Westamerica Mortgage Company

(SGB). Defendants executed and delivered to SGB a note promising

to repay the loan (Note). Defendants also executed a mortgage to

secure that loan, and the mortgage was given to Mortgage Electronic

Register System, Inc. (MERS) as nominee for SGB.1

1
 Dominick Romano executed the Note. The mortgage identifies the
borrower as "DOMINICK ROMANO; MARRIED TO SARA JEAN ROMANO" and
both Dominick and Sara Jean Romano signed the mortgage.

 2 A-4521-15T4
 Thereafter, SGB endorsed the Note to CitiMortgage, Inc., who

in turn endorsed the Note to Bayview. Bayview took possession of

the Note, endorsed it in blank, and retained possession of the

Note.

 In 2009, MERS, as nominee for SGB, assigned the Note and

mortgage to CitiMortgage. In 2010, CitiMortgage assigned the Note

and mortgage to Bayview. Both assignments were recorded.

 Meanwhile, in May 2009, defendants ceased paying the amounts

due under the Note and mortgage, and have not made any payments

since May 2009. Accordingly, on December 6, 2012, Bayview sent

defendants a notice of default and intention to foreclose.

 On May 29, 2013, Bayview filed a mortgage foreclosure action

against defendants. Defendants initially failed to respond, but

in October 2013, they filed an answer. In their answer, defendants

admitted to executing the Note and mortgage. Defendants also

admitted to defaulting on the loan, but contested Bayview's right

to enforce the Note and mortgage.

 Bayview moved for summary judgment. Defendants opposed that

motion and filed a cross-motion for summary judgment. In support

of its motion, Bayview submitted a certification from Lauren Blain,

a document coordinator for Bayview. Blain certified that she

personally reviewed the business records of Bayview and that

Bayview was the holder of the Note before the complaint was filed

 3 A-4521-15T4
and still held the Note when Bayview moved for summary judgment.

With regard to the mortgage, Blain certified that the mortgage had

been assigned by MERS, as nominee for SGB, to CitiMortgage in

2009, and CitiMortgage had assigned the mortgage to Bayview in

2010. Blain attached to her certification copies of the Note, the

endorsements, the mortgage, and the assignments. She also

certified that all of those documents were "true copies of the

original documents[.]"

 After hearing oral argument, the Chancery Court granted

summary judgment to Bayview and denied defendants' cross-motion.

The court memorialized its decision in an order dated June 18,

2014. A final judgment of foreclosure was entered on May 11,

2016. The judgment awarded Bayview $503,967.16, plus costs, fees,

and post-judgment interest, and allowed Bayview to sell the

mortgaged property to satisfy some of the amount owed. Defendants

now appeal from the order granting summary judgment and the final

judgment.

 II.

 On appeal, defendants make two arguments. First, defendants

contend that the Chancery Court erred by relying on the

certification of Bayview's document coordinator to establish that

Bayview was the holder of the Note and the assignee of the

 4 A-4521-15T4
mortgage. Second, defendants argue that Bayview did not have

standing to pursue the foreclosure action.

 We review a summary judgment decision de novo, and apply the

same standard used by the trial court. W.J.A. v. D.A., 210 N.J.

229, 237 (2012). The question is whether the evidence, when viewed

in the light most favorable to the non-moving party, raises genuine

disputed issues of fact sufficient to warrant resolution by the

trier of fact, or whether the evidence is so one-sided that one

party must prevail as a matter of law. Brill v. Guardian Life

Ins. Co. of Am., 142 N.J. 520, 540 (1995).

 Defendants first take issue with the certification submitted

by Bayview in support of its motion for summary judgment.

Specifically, defendants contend that it was not sufficient for

the document coordinator to certify that she reviewed the records;

rather, the custodian needed to produce the underlying records

that she reviewed.

 Rule 1:6-6 states that a court may rely on an affidavit "made

on personal knowledge, setting forth only facts which are

admissible in evidence to which the affiant is competent to testify

. . . ." The Rules of Evidence allow the admission of business

records. N.J.R.E. 803(c)(6).

 Here, Blain, who was the Bayview document coordinator,

certified that she personally reviewed the business records of

 5 A-4521-15T4
Bayview. She also attached copies of the Note, its endorsements,

the mortgage, and its assignments to her certification and

certified that those documents were true copies of the originals.

That certification complied with Rule 1:6-6 and N.J.R.E.

803(c)(6). See New Century Fin. Servs., Inc. v. Oughla, 437 N.J.

Super. 299, 326 (App. Div.) (citing State v. Martorelli, 136 N.J.

Super. 449, 453 (App. Div. 1975), certif. denied, 69 N.J. 445

(1976)) ("There is no requirement that the foundation witness

[certifying that a record is a business record] possess any

personal knowledge of the act or event recorded."), certif. denied

sub nom. MSW Capital, LLC v. Zaidi, 218 N.J. 531 (2014).

 Defendants also argue that Bayview did not have standing to

prosecute the foreclosure action. In that regard, defendants

argue that Bayview might not be the mortgagee. The party seeking

to establish its right to foreclose on a mortgage must generally

own or control the underlying debt. Deutsche Bank Nat'l Trust Co.

v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011). A

promissory note evidences the debt, which is a negotiable

instrument. N.J.S.A. 12A:3-104.

 Article 3 of the Uniform Commercial Code (UCC), N.J.S.A.

12A:1-101 to 12-26, addresses the enforceability of negotiable

instruments. Any person "entitled to enforce" can enforce a

negotiable instrument. N.J.S.A. 12A:3-301. Such persons include

 6 A-4521-15T4
a "holder of the instrument, a non-holder in possession of the

instrument who has the right of the holder, or a person not in

possession of the instrument who is entitled to enforce the

instrument . . . ." Ibid. A "holder" is defined by the UCC as a

person "in possession of a negotiable instrument that is payable

. . . to the bearer," or if payable to identified person, the

identified person "is the person in possession." N.J.S.A. 12A:1-

201(b)(21)(a).

 In Mitchell, supra, 422 N.J. Super. at 216, we held that to

have standing, a foreclosing plaintiff must have either possession

of the promissory note or an assignment of the mortgage that pre-

dates the original complaint. Here, Bayview submitted proof that

it both possessed the Note and had an assignment of the mortgage.

 Critically, defendants do not dispute that they executed the

Note and mortgage. Moreover, they do not dispute that they

defaulted on the Note and mortgage. Instead, they contend that

after Bayview filed the foreclosure action, they received notice

that their loan had been transferred to U.S. Bank National

Association, as Trustee, in Trust for the Benefit of the Holders

of Bayview Opportunity Master Fund REMIC 2013-13NPL1 Beneficial

Interest Certificates, Series 2013-13NPL1 (U.S. Bank, as Trustee).

Importantly, however, the notice states that Bayview would remain

as the company servicing the mortgage loan. Just as importantly,

 7 A-4521-15T4
Bayview certified that it was still holding the Note when it moved

for summary judgment in 2014. Bayview also certified that it was

the assignee of the mortgage when it initiated the foreclosure

action. Nothing in the summary judgment record disputed those

material facts. Thus, Bayview was the assignee of the mortgage

when it commenced the foreclosure action, and it was the holder

of the Note when it moved for summary judgment. Accordingly,

Bayview was entitled to summary judgment.

 Affirmed.

 8 A-4521-15T4