**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5577-16T1
                      A-0124-17T1

HSBC BANK USA, N.A.,
as Trustee for NOMURA ASSET
ACCEPTANCE CORPORATION
ALTERNATIVE LOAN TRUST,
Series 2004-AP3,

      Plaintiff-Respondent,

v.

SARAH G. LAKS,

      Defendant-Appellant,
and

PNC BANK, N.A., NEW JERSEY
DIVISION OF TAXATION, and
UNITED STATES OF AMERICA,

      Defendants.
_____

U.S. BANK TRUST, N.A., as
Trustee for LSF9 MASTER
PARTICIPATION TRUST,

      Plaintiff-Respondent,

v.

SARAH G. LAKS, and
EDWARD EINHORN,

      Defendants-Appellants,

and

PNC BANK, N.A., AMERICAN
EXPRESS BANK FSB, BERNARD I.
WEINSTEIN, KENNEDY CONCRETE
INC, THE STATE OF NEW JERSEY,
and MIDLAND FUNDING LLC, ON
BEHALF OF CITIBANK,

      Defendants.

_____

Submitted September 5, 2018 – Decided October 4, 2018

Before Judges Alvarez and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Mercer County, Docket Nos. F-006955-16 and F-041499-14.

Sarah G. Laks, appellant pro se (in A-5577-16).

Schiller, Knapp, Lefkowitz & Hertzel, LLP, attorneys for respondent HSBC Bank USA, N.A. (in A-5577-16) (Richard A. Gerbino, on the brief).

Sarah G. Laks and Edward Einhorn, appellants pro se (in A-0124-17).

A-5577-16T1

Fein, Such, Kahn, & Shepard, PC, attorneys for respondent U.S. Bank Trust, N.A. (in A-0124-17) (Ashleigh L. Marin, on the brief).

PER CURIAM

In these back-to-back appeals, which we consolidate for the purpose of issuing a single opinion, defendants Sarah G. Laks and Edward Einhorn appeal from Chancery Division orders and judgments entered in connection with foreclosure actions on rental properties located in Trenton. In A-0124-17, defendants appeal from the following orders: (1) an August 21, 2015 order, denying defendants' motion for summary judgment; (2) a January 22, 2016 order, granting Bayview Loan Servicing, LLC's (Bayview) motion for summary judgment and striking defendants' answer; (3) a December 2, 2016 order, granting Bayview's motion for summary judgment on its amended complaint and striking defendants' answer; (4) a March 28, 2017 order, substituting U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as plaintiff; and (5) a July 17, 2017 order, entering final judgment of foreclosure. In A-5577-16, Laks appeals from the following orders: (1) an October 28, 2016 order, striking her answer and granting summary judgment to plaintiff HSBC Bank USA, N.A., as Trustee for Nomura Asset Acceptance Corporation Alternative Loan Trust,

Series 2004-AP3; and (2) a July 7, 2017 order, entering final judgment of foreclosure. We affirm.

## I.

In A-0124-17, on October 22, 2004, defendants executed a $74,400 promissory note in favor of MIT Lending (MIT) with a "maturity date" of November 1, 2019. As security for payment of the note, on the same date, defendants executed a non-purchase money mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for MIT on rental property located on Genesee Street in Trenton. Defendants defaulted on June 1, 2008, and thereafter failed to make payments as required under the note.

Through a series of assignments, the mortgage was assigned to Bayview by assignment dated February 28, 2014, and recorded on March 14, 2014, in the Mercer County Clerk's Office. On October 3, 2014, Bayview filed a foreclosure complaint, and defendants filed a contesting answer. On August 21, 2015, Judge Paul Innes denied the parties' cross-motions for summary judgment. In his statement of reasons, Judge Innes rejected defendants' "various boilerplate affirmative defenses," including defendants' challenge to Bayview's standing

and contention that the action was barred by the six-year statute of limitations set forth in N.J.S.A. 2A:50-56.1(1)(a).[1]

Regarding the statute of limitations argument, the judge explained:

> Paragraph [twenty-two] of the [m]ortgage provides that the maturity date can be accelerated upon default, by sending a notice to the borrower. The [c]omplaint states that plaintiff has accelerated the [m]ortgage, and the Notice of Intent to Foreclose [NOI] sent to defendants on May 28, 2014, provides that acceleration was to occur on June 27, 2014[,] if defendants did not reinstate by that date. Defendants misconstrue the terms of the [m]ortgage and the [c]omplaint to mean that acceleration occurred on the date of default. To the contrary, pursuant to the terms of the [m]ortgage, the earliest date that acceleration could have occurred was June 27, 2014. This acceleration date would have started the clock on the [six-]year statute of limitations set forth in N.J.S.A.[] 2A:50-56.1(1)[(a)]. Therefore the present action is not barred by the statute of limitations.
>
> In addition, the language in section (a), "six years from the date fixed for making the last payment or maturity date set forth" does not contain the term "accelerate." Even though the statute acknowledges acceleration as a consequence of default, it fails to define maturity date or acceleration. Here, the maturity

---

[1] Under N.J.S.A. 2A:50-56.1, the statute of limitations for a "residential" foreclosure action is "the earliest" of "[s]ix years from the date fixed for . . . the last payment or the maturity date," "[t]hirty-six years" from the mortgage's recording date, or if not recorded, "the date of execution," or "[t]wenty years" from the date of default.

date was November 2, 2019.[2] Thus, the six-year statute of limitations is not appropriate in this case.

Regarding the challenge to Bayview's standing, Judge Innes accepted the certification of Bayview's Foreclosure Document Supervisor attesting to the fact that, based on her familiarity with and personal examination of Bayview's business records, Bayview was in physical possession of the note and mortgage prior to the commencement of the action. The judge pointed out that the note annexed to the moving papers and "stamped as a 'certified true copy'" was "specifically endorsed to MIT Lending, thereby stripping [Bayview] of status as a 'holder' pursuant to N.J.S.A.[] 12A:1-201(b)(21)."[3] However, according to the judge,

> [t]he note was assigned from MIT, a holder, to Chase Home Finance, LLC, and then to [Bayview]. [Bayview] has certified it is in possession of the [n]ote and was in possession of it when the [c]omplaint was filed. While defendants are correct that [Bayview] does not have the authority to enforce the [n]ote as a holder, [Bayview] has the right to enforce the [n]ote as a non-holder in possession with the rights of a holder, pursuant to N.J.S.A.[] 12A:3-203[(a)]. That section states, "An instrument is transferred when it is

---

[2] Judge Innes inadvertently misstated the note's maturity date. The actual maturity date is November 1, 2019.

[3] N.J.S.A. 12A:1-201(b)(21)(a) defines "[h]older" as "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession."

delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." As such, MIT was a holder, Chase received the rights of a holder by transfer, and then transferred those rights to [Bayview].

Although the judge rejected defendants' affirmative defenses, and acknowledged that defendants "[did] not contest the validity or propriety of the lien being foreclosed," the judge denied Bayview's summary judgment motion without prejudice, finding that "a new NOI [was] required" because Bayview "sent a NOI that did not comply with the Fair Foreclosure Act." According to the judge, the NOI was "somewhat confusing" as "the name and address of the lender seem[ed] to be incorrect."

On September 15, 2015, Bayview filed a corrected NOI and subsequently moved for summary judgment. Defendants cross-moved to dismiss the foreclosure complaint, renewing their standing challenge. On January 22, 2016, Judge Innes granted Bayview's motion for summary judgment based on his prior reasoning and denied defendants' cross-motion, finding that Bayview "remedied the previously deficient [NOI] by sending the corrective NOI to the defendants." While the judge questioned "whether or not the Fair Foreclosure Act [even] applie[d]," the judge determined that "[t]he corrective NOI satisfie[d] the requirements set forth in U.S. Bank [Nat'l Ass'n] v. Guillaume, 209 N.J. 449,

7

476 (2012)." Thus, the judge struck defendants' answer, entered default against defendants, and directed that the matter be referred to the Office of Foreclosure as an uncontested matter. See R. 4:64-1(d).

On December 2, 2016, after Bayview again moved for summary judgment on its amended complaint,[4] Judge Innes granted Bayview's motion, and denied defendants' cross-motion to dismiss the amended complaint. The judge explained that Bayview's "amended complaint merely added additional judgment creditors and [did] not seek any additional relief against defendants." Further, according to the judge, "[d]efendants have not introduced any new proofs or evidence that would change the findings of the previous order granting summary judgment." On March 28, 2017, Judge Innes entered an order amending "the [c]omplaint and all subsequent pleadings" to "substitute[] [the] name of the [p]laintiff" for Bayview "due to a service transfer," and on July 17, 2017, the judge entered a final judgment of foreclosure in plaintiff's favor in the sum of $111,737.56.

---

[4]  On May 13, 2016, the judge granted Bayview's motion to file an amended complaint.

II.

In A-5577-16, on August 2, 2004, Laks executed an $85,000 promissory note in favor of First National Bank of Arizona (First National). As security for payment of the note, on the same date, Laks executed a mortgage to MERS as nominee for First National on rental property located on Second Street in Trenton. Laks defaulted on May 1, 2008, and thereafter failed to make payments as required under the note. Through a series of assignments,[5] the mortgage was assigned to plaintiff by assignment dated March 11, 2015, and recorded on April 29, 2015, in the Mercer County Clerk's Office.

On March 9, 2016, plaintiff filed a foreclosure complaint. Laks filed a contesting answer containing thirteen affirmative defenses, but admitting to executing the note and being in default. Plaintiff moved for summary judgment, and Laks cross-moved for dismissal of the foreclosure complaint, asserting that plaintiff lacked standing and was time barred. On October 28, 2016, following oral arguments, Judge Innes granted plaintiff summary judgment, struck defendant's answer, entered default against defendant, and directed that the

---

[5] Prior to the assignment to plaintiff that is the subject of this appeal, there were a series of assignments not pertinent to this appeal that were subsequently nullified by court order.

matter be referred to the Office of Foreclosure as an uncontested matter. See R. 4:64-1(d). The judge also denied Laks' cross-motion to dismiss the foreclosure complaint.

In rejecting Laks' statute of limitations argument, the judge explained:

> [D]efendant claims that this is not a residential loan, this is a commercial loan, and is citing to the UCC and the UCC six-year statute with regard [to] suit on the note. . . . [T]his is not a suit on the note, but a suit . . . to foreclose the mortgage.
>
> The statute of limitations on a mortgage foreclosure action in New Jersey was acknowledged by the courts to be [twenty] years from the date of default under the mortgage. [Sec. Nat'l] Partners [Ltd. P'ship] v. Mahler, 336 N.J. Super. 101, 105[-06 (App. Div. 2000)].
>
> . . . [I]f the mortgage at issue is not a residential mortgage which the defendant[] assert[s] today is the case, then the [twenty]-year statute of limitations would apply. In this case, it runs from the date of default, which was 2008, and it would not expire [until] 2028.

In rejecting Laks' standing challenge, the judge reviewed plaintiff's exhibits, including the limited power of attorney between plaintiff and its loan servicer, as well as the certification of the loan servicer's employee who reviewed the loan documents and certified their authenticity. The judge also reviewed the complete assignment chain, including the prior assignments that were nullified by prior court orders, and the duly recorded assignment

establishing plaintiff as the current holder of the mortgage. The judge was satisfied that the NOI was compliant, despite Laks' stipulation that the property was an investment property, and therefore not subject to the Fair Foreclosure Act. The judge also acknowledged Laks' admission that she executed the note and mortgage, particularly her acknowledgement of her signature after examining the original note produced by plaintiff in the courtroom.

Judge Innes concluded that:

> A review of the exhibits, the complaint, and the fact that defendant has not proffered any documentation in support of her affirmative defenses adequately demonstrate that plaintiff has, in fact, followed the necessary procedures and does, in fact, have standing to bring the instant foreclosure action.
>
> Viewing the facts as they stand in the light most favorable to the non-moving party, that is, the defendant[], this [c]ourt finds that there are no genuine issues of material fact in this case and that plaintiff is entitled to summary judgment.

On July 7, 2017, the judge entered final judgment of foreclosure in plaintiff's favor in the sum of $168,845.43. This appeal followed.

III.

In both appeals, defendants argue the trial court erred by rejecting their contention that the complaints were filed beyond the six-year limitations period set forth in N.J.S.A. 12A:3-118(a), and by finding plaintiffs had standing to

11

bring the foreclosure actions. In A-0124-17, defendants also argue the court erred by relying on the business records exception to the hearsay rule, N.J.R.E. 803(c)(6), to support plaintiff's standing claim. We disagree and affirm substantially for the reasons expressed by Judge Innes in his rulings. We add the following comments.

We review a grant of summary judgment applying the same standard used by the trial court. See Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). That standard is well-settled.

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion. R. 4:46-2(c); see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 [] (1995). On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.
>
> [Steinberg, 226 N.J. at 366.]

The interpretation of a statute, such as a statute of limitations, is a question of law requiring de novo review. See Royster v. N.J. State Police, 227 N.J. 482, 493 (2017).

Like Judge Innes, we reject defendants' contention that the foreclosure complaints constitute actions to enforce obligations under a note payable, and

are thereby governed by the six-year limitations period in N.J.S.A. 12A:3-118(a).[6] In Security National Partners Ltd. P'ship, we addressed the question of whether a six-year or twenty-year statute of limitations applied to mortgage foreclosure actions. 336 N.J. Super. at 103. We held that "[t]here is a twenty year limitation period governing institution of a mortgage foreclosure suit." Id. at 108. Thus, the complaints were timely filed.[7]

In a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness" and default, and the right of the party to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). A party initiating a foreclosure proceeding "must own or control the underlying debt" obligation at the time an action is initiated to demonstrate standing to foreclose on a mortgage. Deutsche Bank Nat'l Trust

---

[6] Under N.J.S.A. 12A:3-118(a), "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date . . . stated in the note or, if a due date is accelerated, within six years after the accelerated due date."

[7] We agree N.J.S.A. 2A:50-56.1 is not applicable because it provides the limitations period for residential mortgage foreclosures, rather than the commercial mortgage foreclosures at issue here.

Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)).

"[E]ither possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Mitchell, 422 N.J. Super. at 216, 225). Absent a showing of ownership or control, a "plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Mitchell, 422 N.J. Super. at 222 (quoting Ford, 418 N.J. Super. at 597).

We agree with Judge Innes that defendants' standing challenges lacked merit. In both cases, plaintiffs established a prima facie case for foreclosure. The certifications supporting the summary judgment motions established that plaintiffs had possession of the respective notes and assignment of the respective mortgages prior to the filing of the foreclosure complaints. The certifications were submitted by individuals who had reviewed the relevant business records and certified to those records in accordance with Rule 1:6-6. Contrary to defendants' contention, the information contained in the certifications complied with the business records exception to the hearsay rule. N.J.R.E. 803(c)(6). See New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 326 (App. Div.

14

2014) ("There is no requirement that the foundation witness [certifying that a record is a business record] possess any personal knowledge of the act or event recorded." (citing State v. Martorelli, 136 N.J. Super. 449, 453 (App. Div. 1975))).

To the extent we have not specifically addressed any of defendants' remaining arguments, we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION