**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0591-17T2

THE BANK OF NEW YORK
MELLON f/k/a The Bank of New
York Successor Trustee to JP Morgan
Chase Bank, NA as Trustee for the
Structured Asset Mortgage Investments
II Trust, Mortgage Pass-Through
Certificates, Series 2004-Ar6,

      Plaintiff-Respondent,

v.

ANIL NARANG,

      Defendant-Appellant,

and

MRS. ANIL NARANG, His Wife,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
Solely as Nominee for COUNTRYWIDE
BANK, N.A.,

      Defendants.

_____

Submitted February 5, 2019 – Decided March 5, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-015924-14.

Law Offices of Joseph A. Chang, attorneys for appellant (Joseph A. Chang, of counsel and on the brief; Jeffrey Zajac, on the brief).

Sandelands Eyet, LLP, attorneys for respondent (Kathleen Cavanaugh, of counsel and on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Anil Narang appeals from the final judgment of foreclosure, in addition to Chancery Division orders striking his answer, granting summary judgment, and denying reconsideration, entered in favor of plaintiff The Bank of New York Mellon f/k/a The Bank of New York Successor Trustee to J.P. Morgan Chase Bank, NA, as Trustee for the Structure Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2004-AR6, an assignee of the note and mortgage. For the following reasons, we affirm.

I.

In August 2004, defendant executed a note made payable to America's Wholesale Lenders in the amount of $1,481,250. On that same date, defendant executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc.

A-0591-17T2

(MERS), as nominee for America's Wholesale Lenders, encumbering his property on West Road in Short Hills. Defendant defaulted on the loan in December 2010.

On December 13, 2011, MERS assigned the mortgage to plaintiff. The assignment was recorded on December 21, 2011, in Book 12343, Page 2903 of Assignment of Mortgages for Essex County.

The note, which accompanied the mortgage, contained an indorsement from Countrywide Home Loans, Inc., a New York Corporation, doing business as America's Wholesale Lender, to JP Morgan Chase Bank, as Trustee. The note also contained an allonge with an indorsement in blank by JP Morgan Chase Bank, NA, f/k/a JP Morgan Chase Bank, as Trustee.

When plaintiff filed its foreclosure complaint in April 2014, plaintiff's mortgage servicing agent, Nationstar Mortgage, LLC (Nationstar), possessed the original note and mortgage. Nationstar kept these papers at its documents administration department in Scottsbluff, Nebraska.

Following extensive discovery, plaintiff filed a motion to strike defendant's amended answer and remand the matter to the Office of Foreclosure to proceed as an uncontested matter. Defendant opposed plaintiff's motion to strike and filed a cross-motion to dismiss the foreclosure complaint. In his

A-0591-17T2

opposition, defendant admitted executing the note and mortgage, and defaulting on his payments, but challenged plaintiff's standing. The court rejected defendant's standing argument, granted plaintiff's motion, and then denied defendant's motion for reconsideration. Plaintiff then moved for entry of final judgment, which the trial court granted on September 14, 2017. Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II.

On appeal, defendant raises two main issues. First, defendant challenges plaintiff's standing to foreclose. Second, defendant challenges plaintiff's compliance with the pooling and service agreement (PSA).

In arguing that plaintiff lacks standing to foreclose, defendant claims the evidence shows "another entity holds the note" and "plaintiff has failed to properly authenticate that it held standing prior to the filing of the complaint as required." Plaintiff produced certifications from two Nationstar employees, Lydeisha Barber and Edward Hyne. Barber certified she worked for Nationstar as a "document execution specialist" and that Nationstar is "a mortgage servicing agent for the plaintiff relative to [defendant's] loan." As part of her responsibilities, she became "familiar with the type of records maintained by Nationstar in connection with [defendant's] loan" and could confirm that

"plaintiff is the holder and in possession of the note and mortgage subject to this foreclosure." Her information was taken from Nationstar's "business records," of which she had "personal knowledge." Those records were:

> (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the court of [Nationstar's] regularly conducted business activities; and (c) it is the regular practice of [Nationstar] to make such records.

Hyne's certification explained he worked for Nationstar as a "litigation resolution analyst" and that Nationstar is "a mortgage servicing agent for the plaintiff relative to [defendant's] loan." Through his job, he became "familiar with the type of records maintained by Nationstar in connection with [defendant's] loan" and could confirm that "plaintiff is the holder and in possession of the note and mortgage subject to this foreclosure." Similar to Barber, Hyne's based his certification on a review of Nationstar's "business records."

Hyne also provided testimony. During his deposition, he reiterated that Nationstar possessed the "original note, the original mortgage, the original title policy, the prior servicer's loan modification agreement, and . . . a blank

5

assignment." Plaintiff also made defendant's original loan documents available for review.

In a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness" and default, and the right of the party to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). "As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). Absent a showing of ownership or control, a "plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Ibid. (quoting Ford, 418 N.J. Super. at 597).

A plaintiff establishes standing by demonstrating "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Mitchell, 422 N.J. Super. at 216).

Witness certification regarding the authenticity of assignment or possession of the note and mortgage is adequate when the witness has access to

the business records of plaintiff and personal knowledge of its business practices sufficient to provide the court with competent evidence regarding plaintiff's standing. See New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 317-18 (App. Div. 2014).

Here, we find the certifications of Barber and Hyne sufficient to show that plaintiff was both the holder of the note and the assignee of the mortgage; as a result, we conclude the trial court properly granted summary judgment because plaintiff had standing to foreclose. These certifications established that: 1) they were employees of Nationstar and, as part of their responsibilities, were familiar with the type of records maintained by Nationstar with respect to defendant's loan; 2) the information contained in their certifications was based on Nationstar's business records; and 3) they had personal knowledge of Nationstar's procedures for creating and maintaining such records.

In addition to his certification, Hyne provided deposition testimony regarding the business practices of Nationstar; specifically, he described the records reflecting defendant's acquisition of defendant's original loan, and the storage of the loan documents at Nationstar's document administration department in Nebraska. Hyne also confirmed that Nationstar possessed the original note before plaintiff filed its foreclosure complaint.

A-0591-17T2

Defendant argues that "neither Barber nor Hyne certify that they reviewed the actual documents as contained in the collateral file or documents other than 'business records' kept in the normal course of business of the plaintiff." However, during his deposition, Hyne testified that he did observe the original loan documents. Further, plaintiff's counsel made the original note and mortgage available for review.

Nonetheless, defendant maintains that "neither Hyne nor Barber exhibit personal knowledge of the [d]efendant's mortgage account and do not prove that they were indeed familiar with the specific records at issue." However, "[t]here is no requirement that the foundation witness [certifying that a record is a business record must] possess any personal knowledge of the act or event recorded." Id. at 326 (citing State v. Martorelli, 136 N.J. Super. 449, 453 (App. Div. 1975)).

Defendant asserts plaintiff must produce a "certification" by a "bank employee or representative of MERS with respect to the authority to execute the assignment or the circumstances of the assignment. Without this specific information contained in a certification, the alleged assignment is not viewed as self-authenticating."

A-0591-17T2

Contrary to defendant's argument, our statutes do not require this type of certification in order to authenticate a document. In fact, "the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. . . . [T]he signature is presumed to be authentic and authorized. . . ." N.J.S.A. 12A:3-308. Also, the mortgage here specifically appoints MERS as the nominee for America's Wholesale Lender. Therefore, we reject defendant's argument that plaintiff needed to file a separate certification from a MERS representative.

As to his second argument, defendant argues the trial court erred in holding he lacked standing to challenge the plaintiff's compliance with the PSA. Defendant contends that because plaintiff did not establish it received assignment of his loan before the trust closed on September 30, 2004, plaintiff's foreclosure action must fail. We disagree.

All parties agree that assignment of the mortgage to plaintiff did not occur until December 13, 2011 – well after the closing date for the trust. Thus, defendant contends that this violation of the trust means that plaintiff's foreclosure action must fail.

Here, the evidence shows legal title to the subject mortgage loan passed from MERS, as nominee for America's Wholesale Lender, to plaintiff. Although

9

the assignment occurred after the closing of the trust, defendant offers no evidence to support his argument that this fact renders the assignment void, as opposed to voidable.

Moreover, defendant failed to show any intent to make him a third-party beneficiary of the PSA. When determining the existence of "third-party beneficiary" status, the inquiry "focuses on whether the parties to the contract intended others to benefit from the existence of the contract, or whether the benefit so derived arises merely as an unintended incident of the agreement." Ross v. Lowitz, 222 N.J. 494, 513 (2015) (quoting Broadway Maint. Corp. v. Rutgers, 90 N.J. 253, 259 (1982)). "If there is no intent to recognize the third party's right to contract performance, 'then the third person is only an incidental beneficiary, having no contractual standing.'" Ibid. (quoting Broadway Maint. Corp., 90 N.J. at 259).

Here, defendant presents no evidence that the parties to the transfer of defendant's mortgage loan intended to recognize defendant as having a right to contract performance. The trial court correctly concluded that defendant lacked standing to contest the PSA.

A-0591-17T2

To the extent we have not addressed any argument raised by plaintiff, we have deemed such arguments to lack merit sufficient for discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0591-17T2